IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00660-KDB-SCR

| | |
|---|---|
| ANTWON LYNEAL MOORE,<br><br>Plaintiff,<br><br>v.<br><br>L. POPLIN JR.,<br><br>Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's pro se Motion to Proceed In Forma Pauperis ("IFP") (Doc. No. 2). For the reasons discussed below, the Court will **GRANT** the Motion to Proceed IFP and **DISMISS** the Complaint.

A.  Plaintiff's Motion to Proceed IFP

"The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To achieve its goal, the IFP statute "allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating … that [s]he is unable to pay the costs of a lawsuit." *Id*. In his IFP motion, Plaintiff states that his expenses exceed his expected income (*see* Doc. No. 2); therefore, the Court will grant the motion, subject to a frivolity review.

B.  Frivolity Review

Because Plaintiff is proceeding IFP, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state

1

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28. Furthermore, a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff alleges Defendant, in his individual capacity and acting under color of law, violated his civil rights under 42 U.S.C. § 1983 when Defendant arrested him pursuant to a warrant on May 10, 2022. Doc. Nos. 1 at 1, 5; 1-1 at 2-3. Specifically, Plaintiff alleges his Fourth and Fourteenth Amendment rights were violated when Defendant searched him incident to arrest, "failed to complete a field test" of a substance located in Plaintiff's pocket, "falsified documentation in the police system," improperly disclosed details of the arrest to a third party, discriminated against him, acted maliciously, and subjected Plaintiff to "cruel and unusual treatment" and "paper terrorism." Doc. No. 1 at 7-8.

"The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions." *Torres v. N. Carolina Dep't of Pub. Safety*, No. 1:24-CV-00112-MR, 2024 WL 4683300, at *2 (W.D.N.C. Nov. 5, 2024) (first citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007), then citing *Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 66-67 (4th Cir. 2015)). In North Carolina, § 1983 claims are governed by the three-year statute of limitations for personal injury. *See* N.C. Gen. Stat. § 1-52; *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations to § 1983 actions); *CTS Corp. v. Waldburger,* 573 U.S. 1, 8 (2014) ("North Carolina ...

has a statute of limitations that allows a person three years to bring suit for personal injury or property damage, beginning on the date that damage becomes apparent or ought reasonably to have become apparent to the claimant").

The limitations period for a § 1983 claim begins to run when the "damage becomes apparent or ought reasonably to have become apparent," to the Plaintiff, whichever comes first. *CTS Corp.,* 573 U.S. at 8. Put another way, the limitations period begins when the Plaintiff could have "file[d] suit and obtain[ed] relief." *Wallace*, 549 U.S. at 388. Equitable tolling is "reserved for 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" *Torres v. N. Carolina Dep't of Pub. Safety*, No. 1:24-CV-00112-MR, 2024 WL 4271582, at *1 (W.D.N.C. Sept. 23, 2024) (quoting *Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir. 2019)) (additional citations omitted). Typically, "a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (first citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); then citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)).

The statute of limitations is an affirmative defense that the defendant generally bears the burden of affirmatively pleading. *See* Fed. R. Civ. P. 8(c)(1). However, the statute of limitations may be addressed sua sponte where a complaint is filed in forma pauperis and the face of the complaint plainly reveals the existence of such defense. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 953-54 (4th Cir. 1995) (affirming district court's finding that complaint was barred by the applicable statute of limitations and "that the district court did not abuse its discretion in concluding that the action was frivolous" under 28 U.S.C. § 1915(d)); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("we have recognized that a statute of limitations defense may

properly be raised *sua sponte* by a district court in certain narrow circumstances … [including] a complaint filed in forma pauperis pursuant to 28 U.S.C. § 1915"); *Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (explaining that under 28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations).

It appears on the face of the Complaint that this action is subject to dismissal as time-barred because it was filed more than three years after the cause of action accrued. Therefore, the Court will dismiss the Complaint without prejudice, permitting Plaintiff to refile with additional allegations, if any, that would bring his claims within the statute of limitations.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's IFP motion (Doc. No. 2) is **GRANTED;**
2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice; and
3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 3, 2025

Kenneth D. Bell
United States District Judge